**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KATHERINE SANDERS,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 16-cv-04650-BLF

**ORDER GRANTING DEFENDANT SPECIALIZED'S MOTION TO DISMISS FOR IMPROPER VENUE WITH LEAVE TO AMEND; AND GRANTING DEFENDANT SPECIALIZED'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**

[RE: ECF 43]

Defendant Specialized Loan Servicing, LLC ("Specialized") moves to dismiss Plaintiff's first amended complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue and failure to state a claim, respectively. For the reasons discussed below, both motions are GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND[1]

Plaintiff filed for Chapter 13 bankruptcy protection on August 31, 2015, and her plan was confirmed on October 19, 2015. FAC ¶¶ 93, 97, ECF 25. On February 3, 2016, Plaintiff "ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's Creditors." *Id*. ¶ 98. She alleges that this report ("February 2016 Credit Report") included twenty-one different trade lines containing inaccurate, misleading, or incomplete

[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

information. *Id.* ¶ 99. Plaintiff neither attaches a copy of the February 2016 Credit Report nor provides specifics regarding the alleged inaccuracies contained therein. *Id.* She asserts only that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, and/or charged off. Some accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan." *Id.*

Plaintiff disputed the inaccurate trade lines via certified mail sent to three different credit reporting agencies ("CRAs"), Experian, Equifax, Inc., and TransUnion, LLC on April 12, 2016. FAC ¶ 100. Each CRA received Plaintiff's dispute letter and in turn notified the entities that had furnished the disputed information ("furnishers") by means of automated credit dispute verifications ("ACDVs"). *Id.* ¶ 102.

Plaintiff ordered a second three bureau report from Equifax, Inc. on June 1, 2016 ("June 2016 Credit Report"). FAC ¶ 103. Plaintiff alleges that a number of furnishers, including Specialized, improperly were reporting Plaintiff's accounts as having balances and past due balances, being in collections, and being charged off, which was inconsistent with Plaintiff's confirmed Chapter 13 plan. *Id.* ¶¶ 106-10. Plaintiff also alleges that Specialized's reporting was not consistent with industry standards. *Id.* ¶ 110.

Plaintiff filed this action on August 12, 2016, asserting violations of the FCRA against multiple CRAs and furnishers, and she filed the operative FAC as of right on October 3, 2016. Compl., ECF 1; FAC, ECF 25. Plaintiff has dismissed or settled with all defendants except Specialized. Specialized now moves to dismiss the FAC for improper venue and failure to state a claim.

## II. IMPROPER VENUE – RULE 12(b)(3)

### A. Legal Standard

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the

burden of showing that venue was properly laid in the Northern District of California.").

**B.	Discussion**

Because Specialized has raised a defense of improper venue, Plaintiff has the burden of showing that venue is proper in this district. Venue is governed by 28 U.S.C. § 1391(b), which provides as follows:

> (b) Venue in general. – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff does not identify which of these subsections she believes applies here. The FAC alleges conclusorily that "[t]his venue is proper pursuant to 28 U.S.C. § 1391(b)." FAC ¶ 14. In her opposition to Specialized's motion, Plaintiff argues only that all defendants "likely have minimum contacts with this district and engage in business in this district." Pl.'s Opp. at 4, ECF 37. Plaintiff also asserts that she "may engage FICO as a witness, and FICO is headquartered in San Jose, California." *Id.* Even if accepted at face value, these arguments would not establish venue under either of the first two subsections, as they do not speak to the defendants' residency or the location of the events giving rise to Plaintiff's claim.

Moreover, Specialized requests that the Court take judicial notice of documents filed in Plaintiff's bankruptcy which suggest that the events giving rise to Plaintiff's FCRA claim arose in Oregon. Specialized's request for judicial notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). It appears on the face of the documents filed in Plaintiff's bankruptcy case that her Chapter 13 petition was filed in the District of Oregon, she resides in Oregon, the property encumbered by the mortgage that Specialized allegedly misreported is located in Oregon, and Specialized's mailing address is in Oregon. *See* RJN, ECF

United States District Court
Northern District of California

44.

Finally, to the extent that Plaintiff seeks to establish venue under the third subsection, the Court construes Plaintiff's statement that all defendants "likely have minimum contacts with this district" to be an assertion that all defendants are subject to this Court's personal jurisdiction. Plaintiff has not alleged any facts or presented any evidence establishing the existence of personal jurisdiction over Specialized, the last remaining defendant, or over any of the defendants originally named. Even if Plaintiff had done so, she still would have to establish that "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Plaintiff has not offered any argument on the latter point.

Accordingly, Specialized's motion to dismiss for improper venue is GRANTED.

## III. FAILURE TO STATE A CLAIM – RULE 12(b)(6)

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Discussion

The FCRA creates a private right of action against furnishers for noncompliance with

duties imposed under 15 U.S.C. § 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (2009). Section 1681s-2(b) imposes certain obligations on a furnisher, such as a duty to conduct an investigation, when the furnisher receives notice from a CRA that a consumer disputes information reported by the furnisher. *Id.* A plaintiff is required to plead and prove four elements to prevail on an FCRA claim against a credit furnisher: "(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b) (1)(A)-(E)." *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016). A furnisher's duties under § 1681s-2(b) of the FCRA arise "only after the furnisher receives notice of dispute from a CRA." *Gorman*, 584 F.3d at 1154.

Plaintiff's FCRA claim against Specialized is subheaded "Failure to Reinvestigate." FAC ¶ 111-12. Plaintiff alleges that Specialized "violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information." *Id.* ¶ 114. Presumably, this claim is based upon Specialized's conduct upon receiving notice of Plaintiff's dispute regarding the February 2016 Credit Report. Plaintiff alleges that she sent dispute letters to Experian and other CRAs regarding unidentified inaccuracies contained in the February 2016 Credit Report, and that the CRAs in turn sent Plaintiff's dispute to each furnisher by means of an ACDV. *Id.* ¶¶ 100-02.

Specialized seeks dismissal under Rule 12(b)(6) on two grounds. First, it asserts that Plaintiff's FCRA claim is barred by the doctrine of judicial estoppel. Second, it asserts that evidence which the Court may consider under the incorporation by reference doctrine establishes that Specialized properly reported Plaintiff's Chapter 13 bankruptcy in compliance with industry standards.

**1. Judicial Estoppel**

Specialized contends that Plaintiff is judicially estopped from asserting her FCRA claim because she did not list her FCRA claim as an asset in her bankruptcy. "Judicial estoppel is an

equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Supreme Court has articulated three factors that a court must consider when deciding whether to apply the doctrine: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether that party has succeeded in persuading a court to accept its earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

In the bankruptcy context, the Ninth Circuit has adopted "a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). "The logic is straightforward: by not listing the lawsuit in the bankruptcy schedules, the debtor represented that the asset did not exist. The bankruptcy court accepted that position in its confirmation or discharge order, and the claim was hidden from the bankruptcy estate to the detriment of the creditors and advantage of the debtor." *Basconcello v. Experian Info. Sols., Inc.*, No. 16-CV-06307-PJH, 2017 WL 1046969, at *3 (N.D. Cal. Mar. 20, 2017).

Courts in this district have declined to apply the judicial estoppel doctrine to FCRA claims like Plaintiff's at the pleading stage. *See Mensah v. Experian Info. Sols., Inc.*, No. 16-CV-05689-WHO, 2017 WL 1246892, at *10-11 (N.D. Cal. Apr. 5, 2017); *Basconcello*, 2017 WL 1046969, at *4-5; *Keller*, 2017 WL 130285, at *9 n.6. Each of those courts noted that the plaintiff could not have listed the FCRA claim when filing for Chapter 13 protection because the claim was based upon alleged inaccuracies in reporting after Chapter 13 plan confirmation. While acknowledging that the plaintiffs may have had an obligation to supplement the bankruptcy record after filing suit under the FCRA, the courts concluded that the records before them did not contain sufficient information to apply the *New Hampshire* factors in the context of a motion to dismiss.

Specialized relies on decisions from outside this circuit in arguing that the doctrine of judicial estoppel does bar Plaintiff's FCRA claim here. However, this Court finds the decisions

cited above to be persuasive and declines find Plaintiff's claim barred under the doctrine of judicial estoppel at this time. The Court's ruling is without prejudice to assertion of the doctrine at a later stage in the proceedings and on a more developed record.

**2. Specialized's Reporting**

Specialized challenges Plaintiff's allegations that Specialized's reporting did not comply with industry standards. In particular, Specialized points to Plaintiff's allegations that the June 2016 Credit Report revealed that Specialized's reporting of Plaintiff's account did not list "the correct CII D indicator," showing that Plaintiff was in bankruptcy. *See* FAC ¶ 110. Specialized presents evidence that in fact Specialized did use the CII D indicator in its reporting, and asks the Court to consider such evidence under the incorporation by reference doctrine. *See* Korb Decl., ECF 43. In opposition, Plaintiff asserts that even if Specialized did request that the CII D be reported, Specialized still reported inaccurate and misleading information because Specialized reported a balance, a past due balance, and that the account was charged off and in collections, all in violation of industry standards.

The trade lines upon which the parties focus allegedly were included in the June 2016 Credit Report, and Plaintiff does not allege that she disputed the June 2016 Credit Report. *See* FAC ¶¶ 103-110. Her FCRA claim is based on unspecified errors in the February 2016 Credit Report and Specialized's alleged failure to correct those errors after she disputed them. *See id.*¶¶ 98-110. In order to state a claim for relief under that theory, Plaintiff must allege facts showing that the February 2016 Credit Report contained an inaccuracy attributable to Specialized; she notified a CRA that she disputed Specialized's reporting; the CRA notified Specialized of the dispute; and Specialized failed to investigate or otherwise comply with the requirements of the FCRA. *See Denison*, 2016 WL 1718220, at *2. Here, Plaintiff has not alleged facts showing that the February 2016 Credit Report contained any particular inaccuracy.

Accordingly, Specialized's motion to dismiss for failure to state a claim is GRANTED.

**IV. LEAVE TO AMEND**

Having concluded that Specialized is entitle to dismissal of the FAC for improper venue and failure to state a claim, the Court must determine whether leave to amend is warranted. In

deciding whether to grant Plaintiff leave to amend her pleading, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The first factor (undue delay), second factor (bad faith), and fourth factor (undue prejudice) do not weigh against granting leave to amend at this time, although the Court may well have a different view in the event that Plaintiff's counsel fails to address the deficiencies addressed herein and persists in submitting pleadings consisting primarily of copy-and-paste boilerplate allegations. The third factor (failure to cure deficiencies) weighs against granting leave to amend, as Plaintiff previously amended her pleading. Finally, with respect to the fifth factor (futility of amendment), the Court has grave reservations whether Plaintiff will be able to allege facts showing that venue is proper in this district or facts sufficient to state an FCRA claim. However, because it is not clear that Plaintiff cannot do so, the Court will grant her leave to amend.

If Plaintiff chooses to amend her FCRA claim, she shall allege with specificity what reporting is attributable to each defendant and shall attach a copy of each report or allege the contents of the offending trade lines verbatim. Failure to do so will be deemed an admission that Plaintiff is incapable of pleading specific facts giving rise to liability under the FCRA.

## V. ORDER

(1) Defendant Specialized's motion to dismiss for improper venue is GRANTED WITH LEAVE TO AMEND;

(2) Defendant Specialized's motion to dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND;

(3) Leave to amend is limited to the FCRA claim discussed in this order; Plaintiff may not add new claims or parties without express leave of the Court;

(4) Any amended pleading shall be filed on or before May 12, 2017; and

(5) Failure to meet the May 12 deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's action with prejudice.

Dated: April 21, 2017

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California