United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

KATHERINE SANDERS,

        Plaintiff,

    v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

        Defendants.

Case No. 16-cv-04650-BLF

**ORDER SUBMITTING DEFENDANT SPECIALIZED'S MOTION FOR SANCTIONS WITHOUT ORAL ARGUMENT; VACATING HEARING; AND DENYING MOTION**

[Re: ECF 49]

11

      Defendant Specialized Loan Servicing, LLC ("Specialized") seeks sanctions in the amount

12

of \$6,975.00 against Plaintiff's counsel under Federal Rule of Civil Procedure 11. Specialized's

13

motion is hereby SUBMITTED without oral argument and the hearing set for May 4, 2017 is

14

VACATED. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.[1]

15

**I. BACKGROUND**

16

      Plaintiff filed this action on August 12, 2016, and a first amended complaint ("FAC") on

17

October 3, 2016, asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

18

1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California

19

Civil Code § 1785.25(a). She alleged that multiple credit reporting agencies ("CRAs") and

20

entities that furnished information to them ("furnishers") failed to reinvestigate disputed

21

information on her credit report and reported inaccurate or misleading information. Plaintiff has

22

dismissed or settled with all defendants other than Specialized. On April 21, 2017, the Court

23

granted Specialized's motion to dismiss the FAC with leave to amend.

24

      After Plaintiff filed the FAC but before the Court issued its dismissal order, Specialized

25

26

27

28

---

[1] In her opposition brief, Plaintiff asserts that Specialized's filing of a Rule 11 motion itself is sanctionable under Rule 11, and she requests an award of fees and costs incurred in preparing her opposition. Plaintiff's request is not properly before the Court, as it is not presented in a separate document and was not served on Specialized in advance of filing as required by Rule 11. See Fed. R. Civ. P. 11(c). Accordingly, Plaintiff's request is not addressed in this order.

1  filed the present motion for sanctions under Rule 11.

2  **II.    DISCUSSION**

3        Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify

4  that they have read any pleadings or motions they file with the court and that such pleadings and

5  motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper

6  purpose. Fed. R. Civ. P. 11(b); *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S.

7  533, 542 (1991). If a court finds a violation of this duty, it may impose appropriate sanctions to

8  deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx Corp.*, 496

9  U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district

10  court."). However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme

11  caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule

12  11 sanctions should be reserved for the "rare and exceptional case where the action is clearly

13  frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."

14  *Id.* at 1344.

15       "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court

16  must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

17  'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and

18  competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127

19  (9th Cir. 2002).

20       Plaintiff's claims under the FCRA and CCRAA turn on her theory that confirmation of a

21  Chapter 13 plan alters furnishers' credit reporting obligations. In her FAC, Plaintiff alleged that

22  upon confirmation, furnishers should adjust their reporting to reflect balances due under the plan

23  terms rather than balances due under the original debt terms. FAC ¶¶ 80-83, ECF 73. Plaintiff

24  alleged that Specialized and other furnishers failed to comply with these and other "industry

25  standards" in reporting her debts post-confirmation. *Id.* ¶ 99, 103-110. According to Plaintiff,

26  those failures rendered Specialized's reporting inaccurate and misleading. *Id.* ¶¶ 114.

27       Specialized argues that Plaintiff's claims are baseless because a Chapter 13 debtor's debts

28  are extinguished only upon discharge, and Plaintiff has not been granted discharge in her

bankruptcy. Specialized contends that it properly reported Plaintiff's debt, along with a notation regarding her pending bankruptcy. Specialized also contends that Plaintiff's claims are barred by the doctrine of judicial estoppel because she did not amend her bankruptcy filings to disclose the claims as an asset of the estate. Finally, Specialized argues that a reasonable and competent inquiry, comprising only an examination of the record in Plaintiff's bankruptcy proceeding, would have revealed these facts to Plaintiff's counsel.

Specialized's argument based on judicial estoppel is without merit, at least at the pleading stage, for the reasons discussed in the Court's order granting Specialized's motion to dismiss the FAC. *See* Order at 6-7, ECF 73 (declining to find Plaintiff's claims barred under the doctrine of judicial estoppel at the pleading stage). With respect to reporting, the scope of the FCRA has not been fully delineated by the Ninth Circuit, and the viability of Plaintiff's theory regarding appropriate reporting after confirmation of a Chapter 13 plan has been the subject of vigorous litigation in this district. At the time Plaintiff's counsel filed the complaint and FAC, Plaintiff's theory was at least colorable. In fact, this Court dismissed Plaintiff's claims with leave to amend because it was not clear that Plaintiff could not state a claim under the FCRA. Under these circumstances, the Court cannot conclude that Plaintiff's claims were legally or factually baseless when filed.

The Court notes that Plaintiff's counsel has filed numerous cases in this district premised on the theory that failure to comply with industry standards in credit reporting constitutes a violation of the FCRA. While that theory was at least colorable when first advanced, it has been rejected by every court in this district to address it. If counsel persists in asserting FCRA claims based solely on alleged violations of industry standards, Rule 11 sanctions may become appropriate at some point.

**III.  ORDER**

Specialized's motion for sanctions under Rule 11 is DENIED.

Dated:  April 28, 2017

BETH LABSON FREEMAN
United States District Judge

3